TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
MANDEEP SINGH,
*on behalf of himself and others similarly situated,*
                              Plaintiff,

                    v.

JOGINDER FOOD MART INC.
    d/b/a Shell Food Mart,
JOGINDER SINGH
    a/k/a Joginder Singh Bhagtana, and
BACCHAN SINGH
    a/k/a Bachan Singh,
                              Defendants.
-------------------------------------------------------------------x

Case No. 20-cv-09590

29 U.S.C. § 216(b)
COLLECTIVE ACTION & FED.
R. CIV. P. 23 CLASS ACTION

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff MANDEEP SINGH, on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants JOGINDER FOOD MART INC. d/b/a Shell Food Mart, JOGINDER SINGH a/k/a Joginder Singh Bhagtana, and BACCHAN SINGH a/k/a Bachan Singh (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff, MANDEEP SINGH, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"),

N.Y. Lab. L. §§ 190 *et seq.*, 650 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2.  Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.  MANDEEP SINGH alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime premium, (2) lodging costs charged, (3) liquidated damages, (4) prejudgment and post-judgement interest, and/or (5) attorney's fees and costs.

4.  MANDEEP SINGH further alleges pursuant to NYLL and the Minimum Wage Order for Miscellaneous Industries and Occupations (the "Wage Order"), 12 N.Y.C.R.R. § 142, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime premium, (3) unpaid spread-of-time premium, (4) lodging costs charged, (5) liquidated damages, (6) up to five thousand dollars ($5,000.00) for failure to provide a wage notice at time of hire or thereafter, (7) up to five thousand dollars ($5,000.00) for failure to provide a wage statement with each payment of wages, (8) prejudgment and post-judgment interest, and/or (9) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFF**

From on or about March 20, 2020 through on or about September 05, 2020, MANDEEP SINGH was employed by Defendants to work at Defendants' minimart attached to the Shell gas station at 233 Myers Corners Road, Wappingers Falls, NY 12590.

## **DEFENDANTS**

### *Corporate Defendant*

7.  JOGINDER FOOD MART INC. d/b/a Shell Food Mart is a domestic business corporation organized under the laws of the State of New York with a principal place of business at 233 Myers Corners Road, Wappingers Falls, NY 12590.

8.  JOGINDER FOOD MART INC. d/b/a Shell Food Mart is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

9.  JOGINDER FOOD MART INC. d/b/a Shell Food Mart purchased and handled goods moved in interstate or foreign commerce, including alcohols.

### *Individual Defendants*

10. JOGINDER SINGH a/k/a Joginder Singh Bhagtana, known as "Boss" to MANDEEP SINGH, is a part-owner of and the Alcoholic Beverage Control principal for JOGINDER FOOD MART INC. d/b/a Shell Food Mart and (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined the rate and method of payment for employees of, and (4) maintained employee records for JOGINDER FOOD MART INC. d/b/a Shell Food Mart.

11. JOGINDER SINGH a/k/a Joginder Singh Bhagtana hired MANDEEP SINGH.

12. JOGINDER SINGH a/k/a Joginder Singh Bhagtana fired MANDEEP SINGH.

13. JOGINDER SINGH a/k/a Joginder Singh Bhagtana paid MANDEEP SINGH.

14. JOGINDER SINGH a/k/a Joginder Singh Bhagtana acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL, N.Y. Lab. L. § 2.6, and is jointly and severally liable with JOGINDER FOOD MART INC. d/b/a Shell Food Mart.

15. BACCHAN SINGH a/k/a Bachan Singh, also known as "Boss" to MANDEEP SINGH, is a part-owner of JOGINDER FOOD MART INC. d/b/a Shell Food Mart and (1) had the power to hire and fire employees of, (2) supervised and controlled employee work schedules or conditions of employment at, (3) determined the rate and method of payment for employees of, and (4) maintained employee records for JOGINDER FOOD MART INC. d/b/a Shell Food Mart.

16. BACCHAN SINGH a/k/a Bachan Singh paid MANDEEP SINGH.

17. BACCHAN SINGH a/k/a Bachan Singh would come to Shell Food Mart to see whether the employees are working and often provide instructions to employees.

18. BACCHAN SINGH a/k/a Bachan Singh acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL, N.Y. Lab. L. § 2.6, and is jointly and severally liable with JOGINDER FOOD MART INC. d/b/a Shell Food Mart.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

20. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay MANDEEP SINGH and similarly situated employees at least the New York minimum wage for each hour worked.

21. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay MANDEEP SINGH his lawful overtime compensation of one and one-half times (1.5x) his

regular rate of pay for all hours worked over forty (40) in a given workweek.

22. While employed by Defendants, MANDEEP SINGH was not exempt under federal and state laws requiring employers to pay employees overtime.

23. Defendants failed to keep full and accurate records of MANDEEP SINGH's hours worked and wages paid.

24. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

25. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide MANDEEP SINGH and similarly situated employees a wage notice compliant with Section 195.1 of the NYLL at time of hire or at any point thereafter.

26. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide MANDEEP SINGH and similarly situated employees a wage statement compliant with Section 195.3 of the NYLL with each payment of wages.

27. Defendants knew that the nonpayment of overtime pay and New York's spread of time premium for every day in which Plaintiff worked over ten (10) hours would financially injure MANDEEP SINGH and similarly situated employees and violate state and federal laws.

28. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff MANDEEP SINGH*

29. MANDEEP SINGH was employed by the Defendants from on or about March 20, 2020 through on or about September 5, 2020 to work at Defendants' minimart attached to the Shell gas station at 233 Myers Corners Road, Wappingers Falls, NY 12590.

30. MANDEEP SINGH was hired by JOGINDER SINGH a/k/a Joginder Singh Bhagtana.

31. JOGINDER SINGH a/k/a Joginder Singh Bhagtana interviewed MANDEEP SINGH over the phone, and told him at the end of the conversation that he was hired and should come to work.

32. Defendants did not at any time provide MANDEEP SINGH with a wage notice that included all of the following information: his rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

33. MANDEEP SINGH was not given such a wage notice at any time during his employment after his hiring.

34. Throughout his employment, MANDEEP SINGH worked seven (7) days per week, twelve (12) hours per day from 8:00 PM to 8:00 AM the next day, amounting to about eighty-four (84) hours per week.

35. MANDEEP SINGH's time worked per week exceeded forty (40) hours each day he worked.

36. MANDEEP SINGH's spread of time per day exceeded ten (10) hours each day he worked.

37. Throughout his employment, MANDEEP SINGH was paid at a rate of eleven dollars ($11.00) per hour, including for hours worked in excess of forty (40) per week.

38. Throughout his employment, MANDEEP SINGH was not paid time-and-a-half for overtime hours.

39. Throughout his employment, MANDEEP SINGH's pay did not include an extra hour's pay at the minimum wage for days his spread of time exceeded ten (10) hours.

40. From on or about March 20, 2020 through on or about August 22, 2020, MANDEEP SINGH was paid for thirty (30) hours each week by check and for fifty-four (54) hours each week by cash.

41. From on or about August 23, 2020 through on or about September 5, 2020, MANDEEP SINGH was paid for all eighty-four (84) hours worked by cash.

42. Throughout his employment, Defendants failed to provide MANDEEP SINGH a wage statement with each payment of wages listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

43. Throughout the period of MANDEEP SINGH's employment by Defendants, the applicable minimum wage in Dutchess County was $11.80 per hour.

44. When he was hired, Defendants promised MANDEEP SINGH free lodging.

45. However, each week, Defendants retained $82.00 from MANDEEP SINGH's pay to pay for the lodging that Defendants provided.

**COLLECTIVE ACTION ALLEGATIONS**

46. MANDEEP SINGH brings this action individually and on behalf of all other current and former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

**CLASS ALLEGATIONS**

47. MANDEEP SINGH brings his state-law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all other current and former non-exempt workers employed by Defendants over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

48. The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

*Numerosity*

49. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

50. Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

*Commonality*

51. There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of New York law; (2) whether the Class members were paid less than the minimum wage; (3) whether the Class members were paid time-and-a-half for their overtime; (4) whether the Class members were paid an extra hour's pay at the minimum wage for each day their spread of time exceeded 10 hours; (5) whether the Class members were provided with wage notices adequate under Section 195.1 of the NYLL; (6) whether the Class members were provided with wage statements adequate under Section 195.3 of the NYLL; and (7) at what

common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

### *Typicality*

52. MANDEEP SINGH's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

53. All the Class members were subject to the same policy and practice of denying minimum wage and overtime.

54. Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

55. Tan and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

### *Adequacy*

56. MANDEEP SINGH is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

57. MANDEEP SINGH is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

### *Superiority*

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

59. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

60. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

61. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

62. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

63. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

64. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.

65. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

66. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

67. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage
Brought on behalf of Plaintiff and Rule 23 Class]**

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Section 652.1, Subsection (c) of the NYLL provides that "[e]very employer shall pay to each of its employees for each hour worked outside of the city of New York and the counties of Nassau, Suffolk, and Westchester a wage of not less than… $11.80 on and after December 31, 2019."

70. Similarly, Section 142-2.1, Subsection (a), Paragraph (3) of the Wage Order provides that "The basic minimum hourly rate shall be, for each hour worked in [r]emainder of state (outside of New York City and Nassau, Suffolk and Westchester counties)… $11.80 per hour on and after December 31, 2019."

71. Throughout his employment, MANDEEP SINGH was paid eleven dollars ($11.00) per hour before lodging deduction.

72. Accordingly, Defendants paid MANDEEP SINGH less than the applicable New York minimum wage throughout his employment.

73. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall

allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

74. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay MANDEEP SINGH at least the minimum wage.

## COUNT II.
**[Violation of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. Section 207, Subsection (a), Paragraph (1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

77. MANDEEP SINGH was not exempt from the provisions of Section 207 of the FLSA under any of the categories delineated in Section 213 of the FLSA.

78. MANDEEP SINGH was paid his straight-time rate of eleven dollars ($11.00) per hour for overtime hours—hours worked in excess of 40 per week.

79. Accordingly, MANDEEP SINGH was not paid overtime at a rate one and one-half times her regular hourly rate or the minimum wage, whichever is higher.

80. Section 216, Subsection (b) of the FLSA provides that "[a]ny employer who violates the provisions of section 207… of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

81. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by denying MANDEEP SINGH overtime pay.

## COUNT III.
### [Violation of the Wage Order—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq.… The applicable overtime rate shall be paid for each workweek: [f]or working time over [40 hours for nonresidential employees]."

84. MANDEEP SINGH was paid his straight-time rate of eleven dollars ($11.00) per hour for overtime hours—hours worked in excess of 40 per week.

85. Accordingly, MANDEEP SINGH was not paid overtime at a rate one and one-half times her regular hourly rate or the minimum wage, whichever is higher.

86. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's

fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

87. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by denying MANDEEP SINGH overtime pay.

## COUNT IV.
### [Violation of the Wage Order—Failure to Pay Spread of Time Brought on behalf of Plaintiff and Rule 23 Class]

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

90. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

91. MANDEEP SINGH regularly worked a spread of time of greater than ten (10) hours seven (7) days per week.

92. Defendants knowingly, willfully and maliciously failed to pay MANDEEP SINGH an additional hour's pay at the basic minimum hourly wage for each day he worked a spread of time greater than 10 hours.

## COUNT V.
### [Violation of New York Labor Law—Failure to Provide Agreed-Upon Benefits Brought on behalf of Plaintiff and Rule 23 Class]

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. Section 198-c, Subsection 1 of the NYLL provides that "[i]n addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees… for the benefit employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this article."

95. This statute has been interpreted by the Courts of the State of New York to impose on an employer the requirement to "abide by the terms of his agreement to provide benefits." *Glenville Gage v. Industrial Board of Appeals*, 70 A.D. 2d 283, 286 (3d Dept. 1979), *aff'd* 52 N.Y. 2d 777 (1980).

96. Defendants promised to provide MANDEEP SINGH lodging free of charge.

97. However, Defendants retained $82.00 per week from MANDEEP SINGH's wages as a charge for providing him lodging.

98. Section 198, Subsection 1-a of the NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's

fees, prejudgment interest as required under the civil practice law in rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

99. Defendants are liable to MANDEEP SINGH for the wages retained to pay for his lodging.

100. Defendants knowingly, willfully and maliciously retained a portion of MANDEEP SINGH's wages to pay for his lodging.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. Section 195.1(a) of the NYLL provides that "[e]very employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

103. Section 198, Subsection 1-b of the NYLL provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by

subdivision one of section on hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive or declaratory relief, that the court in its discretion deems necessary and appropriate."

104. MANDEEP SINGH was not provided a wage notice as provided by Section 195.1 of the NYLL within the first 10 business days of his employment or at any time thereafter.

105. Defendants knowingly, willfully and maliciously failed to provide MANDEEP SINGH a wage notice as provided by Section 195.1 of the NYLL within the first 10 business days of his employment or at any time thereafter.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

106. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107. Section 195.3 of the NYLL provides that "[e]very employer shall furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked[;] and the number of overtime hours worked."

108. MANDEEP SINGH was not furnished a wage statement with each payment of wages.

109. Defendants knowingly, willfully and maliciously failed to furnish MANDEEP SINGH a wage statement as provided by Section 195.3 of the NYLL with each payment of wages.

## **PRAYER FOR RELIEF**

WHEREFORE, MANDEEP SINGH, on behalf of himself and on behalf of the Collective, respectfully requests that this Court enter a judgment providing the following relief:

A. At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt restaurant workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

C. An injunction against Corporate Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

D. An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and any opt-ins under FLSA;

E. An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and the Class under NYLL and the Wage Order;

F. An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

G.  An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Class under NYLL and the Wage Order;

H.  An award of misappropriated tips, and liquidated damages equal to misappropriated tips, due to Plaintiff and any opt-ins under FLSA;

I.  An award of misappropriated tips, and liquidated damages equal to misappropriated tips, due to Plaintiff and the Class under NYLL and the Wage Order;

J.  An award of unpaid spread-of-time, and liquidated damages equal to unpaid spread-of-time, due to Plaintiff and the Class under the NYLL and the Wage Order;

K.  An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with a wage notice at time of hire or thereafter;

L.  An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with a wage statement with each payment of wages;

M.  An award of prejudgment interest at a rate of 9 percent *per annum* pursuant to Section 5004 of the New York Civil Practice Law and Rules;

N.  An award of reasonable attorneys' fees and costs;

O.  An Order that, to the extent that any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal, no appeal then being pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent, as required by Section 198, Paragraph 4 of the NYLL; and

P.  Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rules 38(b) and (c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of fact.

Dated: Flushing, NY
November 15, 2020

>TROY LAW, PLLC
>*Attorneys for Plaintiff, proposed FLSA Collective, and potential Rule 23 Class*
>
>/s/ John Troy
>John Troy
>41-25 Kissena Boulevard
>Suite 103
>Flushing, NY 11355
>(718) 762-1324
>troylaw@troypllc.com